# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| United States of America </br> v. </br> TERENCE KELEHER </br> *Defendant* | Case No. </br> 12-m-1042 |

**CRIMINAL COMPLAINT**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about January 26, 2012, in the county of __Erie__ in the Western District of New York, the defendant violated __18__ U.S.C. §2252A(a)(1) and 2252A(a)(5)(B), offenses described as follows:

the knowing transportation in foreign commerce, by any means, including by computer, of child pornography, as defined in Title 18, United States Code, Section 2256(8) and the knowing possession of material, that is an Apple iPhone, FCC ID# BCG-E2380B and an Apple iPad, computer serial number GB024V0GETU, that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), which had been transported in foreign commerce,

This criminal complaint is based on these facts:

X☐    Continued on the attached sheet.

*Complainant's signature*

Brian M. Kulp, Special Agent
Department of Homeland Security
Homeland Security Investigations
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  January 27, 2012

*Judge's signature*

Hon. Jeremiah J. McCarthy

City and State: __Buffalo, New York__    United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Brian M. Kulp, having been first duly sworn, do hereby depose and state as follows:

1. I am a Special Agent of the Department of Homeland Security, Homeland Security Investigations ("HSI"), currently assigned to the HSI Special Agent in Charge in Buffalo, New York. I have been employed as a Special Agent with HSI since 2002. As part of my daily duties as a Special Agent with HSI, I investigate crimes involving child exploitation and child pornography including violations relating to the transportation, production, distribution, receipt and possession of child pornography, in violation of Title 18, United States Code, Section 2252.

2. I make this affidavit in support of a criminal complaint charging Terence KELEHER with violating Title 18, United States Code, Sections 2252A(a)(1) and 2252A(a)(5)(B), that is, knowingly mails, or transports or ships using any means or facility of interstate or foreign commerce or in or affecting interstate or

foreign commerce by any means, including by computer, any child pornography, and knowingly possesses any material which contains an image of child pornography which has been mailed, or shipped or transported using any means of facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce by any means, including by computer.

3. The statements contained in this affidavit are based on information provided to me by HSI agents, other personnel specifically trained in the seizure and analysis of computers and electronic media, and on my training and experience as an HSI Special Agent. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that Terence KELEHER did knowingly violate Title 18, United States Code, Sections 2252A(a)(1) and 2252A(a)(5)(B).

4. On January 26, 2012, Terence KELEHER, a citizen of Canada, appeared for inspection at the Peace Bridge Port of Entry (POE) in Buffalo, New York going from Canada into the United States of America for the stated purpose of traveling to the Cleveland, Ohio area for a vacation.  KELEHER was therefore attempting to transport himself and his belongings into the United States, in and affecting foreign commerce.

5. At the primary inspection station KELEHER appeared before Customs and Border Protection Officer (CBPO) Jason Bauchle. In interacting with KELEHER, Jason Bauchle detected inconsistencies in his story and a lack of knowledge as to the destination of his travels. As a result of these inconsistencies, CBPO Bauchle proceeded to direct KELEHER to park his vehicle and appear for a secondary inspection.

6. KELEHER, upon arriving at the secondary inspection station spoke to CBP Officers Page and Linnane. In the course of the secondary inspection the CBP officers came across an Apple iPad computer, Serial number GB024V0GETU, and (2) Apple iPhones, FCC ID# BCG-E2380A

and FCC ID# BCG-E2380B. Upon examining the iPad, CBP officers observed a website accessed by the iPad titled "Daddies Gangbang of Young Boy."

7. Upon the discovery of the website link, CBPO's Page and Linnane detained the iPad and other electronic media found in the vehicle and escorted KELEHER to the secure secondary location. Special Agent Edward Williams was then called to respond to the Peace Bridge Port of Entry.

8. Upon further examination of the iPad, it was discovered to contain images of minors engaged in sexually explicit conduct, as defined in Section 2256(8), that is the lascivious exhibition of the genitals or pubic areas of any person.

9. The initial review of the iPad revealed three images of child pornography. The first image is of a male lying down on what appears to be a bed, with a rumpled sheet between his legs. The male appears to be prepubscent. His head is not in the photograph, but his chest area, which is depicted, is entirely hairless. The boy's

4

genital region is also hairless. The penis is very erect.

10. As discussed below, two other photographs have been identified as taken by a 16 year old boy, and sent by that 16 year old to KELEHER. In those pictures, the boy is lying on a bed, and the focal point of the picture is the boy's penis and genitalia. In one of the pictures, it appears that the boy is partially clothed, with the shirt pulled up to display the genital region. In the second picture identified as being the 16 year old boy, the focal point is entirely upon the penis displayed on the boy's belly, and is a close up shot of the penis. These pictures, too, indicate very little, if any, pubic hair.

11. The same images also appeared on one of the Apple iPhones, FCC ID# BCG-E2380B. The Apple iPhone FCC ID# BCG-E2380A had a dead battery, and could not be reviewed. HSI Computer Forensic Agents Glor and Gillett were contacted to conduct a forensic border search of the media.

12. HSI Special Agent Williams and I conducted an interview with KELEHER and asked the origin of the images found on his iPad that appeared to depict child pornography. KELEHER stated that someone had sent him the images and he had not taken them himself. Also found on the iPad were full length nude photos of KELEHER, as well as photographs of an adult male displaying the genital area, including photographs depicting of erect male penis.

13. KELEHER also stated that he was planning on visiting a friend in Mentor, Ohio. KELEHER indicated he had met the "friend" through a website on the internet. KELEHER provided the name of the individual to whom he was going to meet and advised agents that this individual's phone number could be found on his cell phone. Special Agent Williams looked through the phone to find the phone number of KELEHER'S friend and confirm his story.

14. Telephonic communication with the person KELEHER planned to meet established the person was a minor male, age 16. Further communication with the minor

male indicated that KELEHER was aware of the minor's age.

15. The minor was then interviewed in person by HSI RAC Cleveland Special Agent Hagan, who was provided sanitized copies of the images found on KELEHER'S iPad for comparison to the minor KELEHER was planning on meeting with and whom she had made arrangements to meet with to discuss this issue.

16. During her meeting with the minor male, Agent Hagan presented the sanitized images and asked if any were in fact of him. The minor male confirmed that (1) of the images found on KELEHER'S iPad was of him, taken by him, and sent to KELEHER.

17. The minor also identified the photo of the adult male genitalia as being a photograph sent to him by KELEHER.

18. I respectfully submit the foregoing facts to establish probable cause to believe that Terence KELEHER did violate Title 18, United States Code, Sections 2252A(a)(1) and 2252A(a)(5)(B), knowingly mails, or

transports or ships using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any child pornography; that is, he attempted to enter the United States from Canada with electronic media containing child pornography; and knowingly possesses any material which contains an image of child pornography which has been mailed, or shipped or transported using any means of facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce by any means, including by computer.

_/s/ Brian M. Kulp_
BRIAN M. KULP
Special Agent
Homeland Security
  Investigations

Sworn to before me this 27TH
day of January, 2012.

_/s/ Jeremiah J. McCarthy_
Hon. Jeremiah J. McCarthy
United States Magistrate Judge

8